UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| LISA RYAN MURPHY<br>ADC #760343 | PLAINTIFF |
| V.   No. 3:20CV00059-DPM-JTR | |
| BRADLY, Warden,<br>McPherson Unit, ADC *et al.* | DEFENDANTS |

## ORDER

Plaintiff Lisa Ryan Murphy ("Murphy") is a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC"). She has filed a *pro se* § 1983 Complaint alleging that Defendants violated her constitutional rights. *Doc. 2*. Before Murphy may proceed with this case, the Court must screen her claims.[1]

Murphy alleges allege that Defendants are being deliberately indifferent to her "very severe" carpal tunnel syndrome in retaliation for prior legal actions she has filed against them. Specifically, she alleges that: (1) Defendants Dr. Hughes, APN Betty Hutchinson, DON Baker, RN Biaza, Dr. Steive, Nurse Fields, and Nurse Kizer

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

refuse to arrange an outside surgery consultation, or otherwise provide the necessary treatment, for her diagnosed bilateral carpal tunnel syndrome, which causes severe pain, extreme weakness, lack of sensation in her thumbs and fingers, and loss of grip; and (2) Defendants Dr. Rorey Griffen, Warden Bradly, Major Linda Lewis, Captain Swift, and Warden Hearington have refused to help after being informed of medical staff's denial of treatment. As relief, she seeks monetary damages and injunctive relief. *Doc. 2.*

Murphy is a three-striker under 28 U.S.C. § 1915(g).[2] In a separate Order (*Doc. 5)*, the Court has determined that Murphy's allegations are sufficient to satisfy the "imminent danger" exception to the three-strikes rule. *See id.* (providing that prisoner who has had three or more cases dismissed as frivolous, malicious or for failure to state a claim, should, nevertheless, be granted permission to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury").

The Court also concludes, *for screening purposes only*, that Murphy has pled viable § 1983 claims against each of the Defendants based on those allegations. Thus, service will be ordered.

IT IS THEREFORE ORDERED THAT:

---

[2]*See, e.g., Murphy v. Faust,* No. 1:14-cv-00127-JM (E.D. Ark. Nov. 18, 2014) (dismissing for failure to state a claim); *Murphy v. Culclager,* No. 1:15-cv-00027-BSM (E.D. Ark. June 5, 2015) (same)*; Murphy v. Kelly,* No. 1:15-cv-00044-JM (E.D. Ark. Apr. 27, 2015) (same); *Murphy v. Robinson,* No. 1:15-cv-00047-JM (E.D. Ark. June 24, 2015) (dismissing as frivolous); *Murphy v. Fisk,* No. 1:15-cv-00050-BSM (E.D. Ark. July 24, 2015) (dismissing for failure to state a claim)*.*

1. Murphy may PROCEED with her § 1983 claims against Dr. Hughes, APN Betty Hutchinson, DON Baker, RN Biaza, Dr. Steive, Nurse Fields, Nurse Kizer, Dr. Rorey Griffen, Warden Bradly, Major Linda Lewis, Captain Swift, and Warden Hearington.

2. The Clerk is directed to prepare a summons for Hughes, Hutchinson, Baker, Biaza, Steive, Fields, and Kizer. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2*), and this Order, on Hughes, Hutchinson, Baker, Biaza, Steive, Fields, and Kizer through the Humphries, Odum & Eubanks law firm without prepayment of fees and costs or security therefor.

3. The Clerk is directed to prepare a summons for Griffen, Bradly, Lewis, Swift, and Hearington. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2*), and this Order, on Griffen, Bradly, Lewis, Swift, and Hearington through the ADC Compliance Division without prepayment of fees and costs or security therefor.

4. If any Defendant is no longer employed by the ADC or its healthcare provider, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.

5. Murphy's Motion for Status Update (*Doc. 4*) is GRANTED. The Clerk is directed to send her a copy of this Order and an updated docket sheet.

DATED this 21st day of April, 2020.

                                                                               /s/ J. Thomas Ray
                                          _____
                                          UNITED STATES MAGISTRATE JUDGE